**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-20740
Summary Calendar

ROBERT O WALLRATH

Plaintiff-Appellant

v.

ERIC K SHINSEKI, Secretary, Department of Veterans Affairs

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-3089

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Robert O. Wallrath appeals the district court's grant of summary judgment to the Department of Veterans Affairs ("DVA") in this employment discrimination case. Finding no error, we AFFIRM.

Wallrath was a longtime employee of a Houston-area DVA medical facility. When an opening for a supervisory position was announced, Wallrath applied for the job and was selected for an interview, but was ultimately rejected in favor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of another candidate. Wallrath claims that the he was discriminated against on the basis of a disability (being hard of hearing) and in retaliation for prior Equal Employment Opportunity ("EEO") activities. In a separate incident, Wallrath applied for a DVA leadership training program known as LDI, but was not selected. He claims that this nonselection was due to his age, race, and sex. On appeal Wallrath explicitly waives his race and sex-based claims and claims only age discrimination.

This court reviews a grant of summary judgment *de novo*. *Facility Ins. Corp. v. Employers Ins. of Wausau*, 357 F.3d 508, 512 (5th Cir. 2004). Summary judgment is only appropriate if the evidence reveals no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The district court found that Wallrath failed to make a prima facie case with respect to the retaliation claim, as much of his evidence of engagement in prior EEO activities was vague and conclusory, while the closest substantiated EEO activity had occurred three years prior to the interviews for the promotion. Nor could he offer any direct evidence that his failure to receive the promotion was the result of retaliation. *See* 42 U.S.C. 2000e-3(a); *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006); *Fabela v. Socorro Indep. Sch. Dist.*, 329 F.3d 409, 414 (5th Cir. 2003).

Moreover, the district court found that the DVA presented legitimate, nondiscriminatory reasons for not giving Wallrath the promotion. A panel interviewed five candidates, asking each the same questions and evaluating and scoring their responses. Wallrath scored third; the first-place finisher was hired. Wallrath contends that the panel was improperly influenced by other DVA officials who had an animus for him. There is no evidence of that.

Wallrath's disability-related claim is based on the Rehabilitation Act. 29 U.S.C. § 794(a). The district court found that while Wallrath was disabled

within the meaning of the Act at the time of the selection process, he offered no evidence that the panel took his hearing loss into account when deciding not to offer him the job. He accordingly could not establish that he "was adversely treated solely because of his disability," as required by the Act. *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 365 (5th Cir. 1995).

The district court also rejected Wallrath's claims concerning his nonselection for the LDI program. An element of an age, race, or sex discrimination claim is that the plaintiff has suffered an adverse employment action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007). Using the test employed by this court in *Alvarado*, the district court found that the denial of admission to the LDI program was not an adverse employment action.

We need not decide whether Wallrath's rejection for this program was an adverse action. Instead, we rely on the fact that he did not offer evidence of being treated differently than other similarly situated individuals on account of his age. In addition, the DVA presented legitimate, nondiscriminatory, and nonpretextual grounds for his nonselection. Wallrath's application, from which personally identifying information was removed, scored 26th out of the 30 applicants who were competing for seven slots from the Houston area. Wallrath was not invited to participate in the second round of the selection process, which was an interview. He claims that selection committee members would, despite the redactions of personal information, have been aware of his age through the dates and length of his resume. He fails to present, however, any evidence from which a reasonable finder of fact could conclude that the selection committee intentionally discriminated against him on the basis of his age. He claims that the DVA's reasons were pretextual, citing a statistical analysis from an expert he retained. Such studies may be "probative" in "an unusual case," but "are not enough to rebut a valid, nondiscriminatory reason for" an action suffered by a

particular employee. *EEOC v. Tex. Instruments, Inc.*, 100 F.3d 1173, 1185 (5th Cir. 1996) (emphasis removed). The district court found the study flawed, and in any event, it is not enough to show that Wallrath's poor score at the first round of selection was merely a pretext for rejecting him.

The judgment of the district court is AFFIRMED.